APPLICATION OF THE MAYOR AND FIRST MUNICIPALITY OF THE CITY OF NEW ORLEANS for the extension of Barrack street.

Where, on an application under the act of 3d April, 1832, for the appointment of commissioners to assess the damage or advantage resulting to the owners of ground, required for the opening or improving of streets or public places in the city of New Orleans, or adjacent to such improvements, it is alleged in the petition that the proposed improvements tend to the benefit and improvement of the whole corporation, the commissioners will be relieved from the duty of inquiring whether they are of a local or general character, and the Municipality, by which they were ordered to be made, will be bound to the owners for whatever amount they would have been liable under the act, had the commissioners expressly declared such improvements to be beneficial to the whole corporation.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
*Roselius*, for the appellants.
*L. Janin*, for the appellees.

GARLAND, J.* The appellants presented their petition stating that, at the request of a number of the owners of property on St. Claude street and in its neighborhood, they were desirous of opening Barrack street to the Bayou Road. They aver that the improvement is necessary and conducive to the public interest and convenience, and to the increase of commerce. They ask for the appointment of commissioners to estimate the damage and benefit to the adjoining proprietors, and to do what may be necessary to effect the object. This application was made in consequence of a resolution of the Council, and of the powers granted by the act of the 3d of April, 1832, relative to the opening of streets, &c. B. & C. Dig. 111. A tableau or estimate was made, in conformity to this application, showing the gross value of each piece of property, the name of its owner, its extent, the damage or benefit each would sustain, and who was to pay and who to receive. Some changes were made in it, as later and better information was obtained by the commissioners. Finally, after considerable delay, it was completed, and notice given of its being filed at the instance of the appellants ; and all persons interested were called on to show cause, within ten days, why the appraisement and partition of the funds and other proceedings should not be homologated and confirmed. Moreau, Quertier, and Guesnon abandoned their respective properties to the corporation, as they say they have a right to do under the fifth section of the act. Many other persons opposed the homologation of the proceedings on various grounds ; but the corporation, by its regular attorney, urged their confirmation, and had most of the oppositions dismissed, on the ground that they came too late, not having been filed within ten days, as required by the second section of the act. The others were overruled on the merits, and the parties condemned to pay the costs. On the 14th of May, 1839, a final judgment of homologation was rendered, from which none of the opponents appealed ; and as the Municipality was successful in obtaining all it asked, no appeal was then prayed for on its part. Things remained in this condition for about six months, the parties in the mean time asking for the payment of the money coming to them on the appraisement, which,

---

* This judgment was pronounced on a re-hearing.

it seems, not being paid, Quertier commenced a suit to recover the amount coming to him, when, suddenly, the Municipality discovered that the judgment obtained by their former attorney was erroneous and highly injurious. An appeal to this court was taken, and all the parties against whom the judgment was rendered, were cited as appellees, although the oppositions of nearly all had been dismissed on a technical objection. They are thus called to show that the proceedings and judgment were regular and correct, and the *actor* in the whole matter is urging their irregularity and illegality, the ordinance directing the opening of the street having been in the mean time repealed.

It is not denied that the attorney of the corporation was fully authorized to pursue the course he did ; and there is ample proof in the record of his authority to act in its behalf. No legal objection to any proceeding in court has been established ; but the corporation now wishes to go back to the estimate made by the commissioners, and to show it to be incorrect.

By reference to the appraisement of the commissioners, it will be seen that they have assessed the amount each person has to pay for the benefit conferred on his property by opening the street, and also the sum each is to receive for the ground taken for the street, and for injury done to his property. The amount to be received by the corporation is $4,802, and the sum to be paid to individuals $27,346, leaving a balance of 22,544 to be supplied. For this sum, the attorney of the Municipality says that it is not responsible.

The act of 1832, sec. 8, provides, that if the commissioners shall deem the improvement to be made not only a local improvement, but also tending to the salubrity, benefit, beauty, or improvement of the whole city, they shall assess such part of the estimate for said improvement to the corporation as they shall deem just and equitable ; and if the corporation own lots and property in the vicinity, it is to be assessed as the property of individuals. The Municipality now avers that, although by the estimate and repartition which it presented for homologation, the deficit of $22,544 was apparent, yet that the corporation is not responsible for it, as the commissioners have not declared, in express terms, that it shall be responsible as being for a public improvement or convenience.

We think otherwise. If the corporation, in the first instance, had left the whole question to the commissioners, to say whether the improvement was local or general, there would have been great, if not irresistible force, in the argument of the counsel for the appellants ; but the corporation did not leave that question open. The fact of the improvement being of a public nature was so apparent, or the Council thought it so clear, that it was so assumed and stated in the petition for the appointment of the commissioners. If the commissioners had been left to the law as their guide, we are bound to presume that they would have done all that was required of them, and have inquired whether the improvement was local or public. Had they done so, and declared it public, there is no doubt but the corporation would be bound to pay the deficit ; *a fortiori* is it bound, when, in the first instance, it admits the improvement to be public, and relieves the commissioners from the duty of making the inquiry. It was, at any rate, calculated to delude the commissioners and all concerned ; and the corporation, by its objections to the oppositions, prevented the parties from being heard, or from asking to have the report of the commissioners amended or altered in any respect.

*Judgment affirmed.*